MAPCO INTERNATIONAL,
INC., Plaintiff,

v.

FEDERAL ENERGY REGULATORY
COMMISSION, et al.,
Defendants.

Civ. A. No. 91–769.

United States District Court,
District of Columbia.

May 11, 1992.

See also 783 F.Supp. 639.

Jerry E. Rothrock, Margaret H. Spurlin, Akin, Gump, Hauer & Feld, Washington, D.C., for plaintiff.

Don W. Crockett, Richard F. Ahern, Thomas W. Sacco, Judicial Litigation Div., Office of the Sol., Economic Regulatory Admin., U.S. Dept. of Energy, Washington, D.C., for defendants.

## MEMORANDUM OPINION

SPORKIN, District Judge.

In April of 1991, after several stages of administrative review had been completed, plaintiff brought this action seeking a declaratory judgment stating that the Federal Energy Regulatory Commission (FERC) was required to rule on the procedural validity of the layering rule, 10 C.F.R. § 212.-186. The defendants opposed remanding the case to FERC and instead sought to have this Court decide the legal issues raised by the plaintiff's dispute. After considering the arguments of the parties, the Court ordered both sides to file cross motions for summary judgment and brief all aspects of the case. The Court took jurisdiction under 42 U.S.C. § 7192.

On January 30, 1992, the Court granted the motion of the United States to intervene in this matter and allowed the United States to file a counterclaim. The counter-

claim sought to have "judgment entered against the plaintiff in the full amount established in the Remedial Order together with interest from the date of the pricing violations to the date of judgment...." *See* Answer and Counterclaim of the United States of America, 3. The Court determined it had jurisdiction over the counterclaim under sections 209 and 211 of the Economic Stabilization Act of 1970, 12 U.S.C. § 1904 note, and 15 U.S.C. § 754(a)(1). The Court decided the case on the merits and granted summary judgment in favor of the defendants in this case, including the United States. It ordered the plaintiff to pay the government the overcharges generated by its resale of oil during the late 1970s, together with interest on the overcharges.

Defendants then filed a motion requesting the Court to enter a judgment for an exact dollar figure against the plaintiff along with an amount for prejudgment interest. Plaintiff opposes this motion with a number of arguments, including the contention that it should not be required to pay prejudgment interest. The Court, after holding a hearing on the motion asked the parties to submit supplemental briefs on the issue of prejudgment interest. The parties have now submitted those briefs, and the Court is prepared to rule on the defendants' motion.

In its order granting summary judgment, the Court upheld the Department of Energy's remedial order and ordered plaintiff to pay the overcharges and the interest assessed against it and claimed by the United States in the counterclaim. Plaintiff is now asking the Court to use its equitable powers to relieve MAPCO of the burden of paying prejudgment interest.

## A. BACKGROUND

In 1983 the Department of Energy (DOE) issued a proposed remedial order charging the plaintiff with violations of federal regulations. Three years later it finalized that decision and issued a remedial order. MAPCO had engaged in the business of reselling crude oil, and the Department of Energy claimed that MAPCO's practices violated the "layering rule," 10 C.F.R. § 212.186. The Department sought to recover the money it alleged MAPCO had obtained in illegal overcharges on the transactions as well as interest from the date of the violations. MAPCO claimed that it had not violated the regulations, and sought administrative appeals from every subsequent administrative order entered by the Department of Energy and the Federal Energy Regulatory Commission (FERC). MAPCO was free to deposit the alleged overcharges in an escrow account while it resolved its dispute with the government. MAPCO chose not to avail itself of this option. After adverse administrative decisions over many years, plaintiff MAPCO brought this action before the Court. The Court ordered the parties to brief all aspects of the case and held an oral hearing on cross motions for summary judgment. The Court granted summary judgment in favor of the defendants.

## B. PREJUDGMENT INTEREST

█ Plaintiff does not dispute that pursuant to this Court's order granting summary judgment, it owes $1,992,021.54 in overcharges. It does, though, argue that it should be relieved from paying the $5,664,325.75 in interest which defendants claim plaintiff owes because the defendants took so long to reach a final administrative decision.

█ The Court has the authority when deciding cases under section 209 of the Economic Stabilization Act to impose prejudgment interest. *See United States v. Exxon Corp.*, 773 F.2d 1240, 1277–79 (Temp.Em.Ct.App.1985). In this case, plaintiff must pay prejudgment interest on the overcharges assessed. If a party chooses to contest an administrative order, it must absorb the costs of litigation, including prejudgment interest. *See F.T.C. v. Standard Oil of California*, 449 U.S. 232, 244, 101 S.Ct. 488, 495, 66 L.Ed.2d 416 (1980). If the party declines to put the disputed amount in escrow, it may not keep for itself the time value of the money constituting the overcharges. To allow MAPCO to forego prejudgment interest in this

case would encourage litigants, whether or not they had a colorable claim, to contest every administrative ruling whenever possible and thus to delay resolution of disputes. The plaintiff enjoyed the use of the overcharges during the time its case was in dispute, and it must now return the money it made as a result.

Although the plaintiff may not be relieved of its obligation to pay prejudgment interest, the Court is troubled by the unwarranted delay that occurred during the administrative process. MAPCO had a right to contest the overcharges before DOE and before FERC, and it was entitled to receive intermediate decisions from the agencies in a timely fashion. *Cf.* 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."). The Court became aware of at least one specific instance of agency-caused delay when MAPCO filed an action in this court in 1988, seeking to expedite FERC's decision. This Court dismissed that action while simultaneously urging FERC to act promptly. *See* MAPCO v. FERC, No. 88–1130 (D.D.C. 1988). From the record in this case, it appears that FERC took between two and three years to issue a final decision. Since an award of prejudgment interest is made pursuant to the Court's equitable authority, the Court will take into account and disallow interest for any period of time when it believes the prevailing party has not acted as expeditiously as it should have.

■ When an agency takes an undue amount of time to decide a matter submitted to it, the Court believes interest would be tolled during the inordinate length of time used by the agency. There may be some question as to what amount of time constitutes inordinate delay. The Court believes six months should be ample time for an agency to issue a decision. By way of analogy, the Court looks to legislation Congress has recently passed expressing its view on delay resulting from the adjudicative process. *See* 28 U.S.C.

§§ 471–482 (Civil Justice Reform Act). Congress discouraged federal courts from allowing matters to remain pending for longer than six months. *See* 28 U.S.C. § 476. It appears that it would be appropriate to apply the same principle to this case and use a six month standard for the assessment of prejudgment interest in this case. Accordingly, the amount of prejudgment interest owed by the plaintiff will be adjusted for those periods of time when either DOE or FERC took longer than six months to decide a pending matter in this litigation.

Interest will be charged at the rates authorized by the Department of Energy policy. *See* 46 Fed.Reg. 21412 (April 10, 1981). These rates have been recognized by judicial authority as appropriate. *See United States v. Ladd Petroleum*, 843 F.2d 506, 510 (Temp.Em.Ct.App.1988). The Court finds no compelling reason for adopting the rates proposed by the plaintiff.

An appropriate order accompanies this opinion.

## ORDER

For the reasons set forth in the accompanying opinion, it is this 7 day of May, 1992, hereby

ORDERED that the defendants are awarded prejudgment interest on their counterclaim; and it is

FURTHER ORDERED that

(1) Interest shall begin to accrue from the first date in August of 1978 on which there was a violation.

(2) Interest shall continue to accrue during the entire period of the controversy except that it shall be tolled for any period in which a defendant had a decision in this proceeding pending before it for longer than six months.

(3) Administrative appeals, petitions for review, and similar requests filed by parties other than than MAPCO will have no affect on the calculation of prejudgment interest owed by the plaintiff.

(4) Civil actions filed in court, other than this action, No. 91–769, will have no

affect on the calculation of prejudgment interest owed by the plaintiff; and it is

FURTHER ORDERED that prejudgment interest shall be calculated at the rates proposed by the defendants; and it is

FURTHER ORDERED that the parties shall have twenty-one days to provide the Courts with their calculations of the prejudgment interest due as calculated pursuant to the order of this Court.